UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
WINDWARD BORA LLC,

                               Plaintiff,          **REPORT AND**
-against-                                     **RECOMMENDATION**

THOMAS STERLING, DOTHLYN          18-CV-1727 (DRH) (SIL)
STERLING, and THE BIG M INC d/b/a
MANDEE,

                               Defendants.
-----------------------------------------------------------------x
**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court in this diversity mortgage foreclosure action, on referral from the Honorable Dennis R. Hurley for Report and Recommendation, is Plaintiff Windward Bora LLC's ("Plaintiff" or "Windward") motion for default judgment of foreclosure and sale against Defendants Thomas Sterling, Dothlyn Sterling (together, the "Sterlings"), and the Big M Inc d/b/a Mandee ("Mandee," collectively, "Defendants"). *See* Docket Entry ("DE") [14]. By way of Verified Complaint filed on March 20, 2018, Plaintiff commenced this action against Defendants seeking, *inter alia*, to foreclose on a mortgage encumbering the property located at 170 Bedford Avenue, Garden City, New York 11040 (the "Subject Property"). *See* Complaint ("Compl."), DE [1]. After Defendants failed to respond to the Complaint, the Clerk of the Court entered a Certificate of Default pursuant to Fed. R. Civ. P. 55(a) as to all Defendants on May 7, 2018. DE [13]. On May 24, 2018, Plaintiff filed the instant motion, DE [14], which Judge Hurley then referred to this Court for Report and Recommendation. *See* Electronic Order Referring Motion dated

May 25, 2018. For the reasons set forth below, the Court respectfully recommends that Plaintiff's motion be granted and that Windward be awarded damages and additional relief as described herein.

I.      **Background**

On March 8, 2005, the Sterlings executed and delivered a note to Long Beach Mortgage Company ("LBMC") by which they promised to pay a principal amount of $100,000 plus interest at a rate of 11.25% per annum. *See* Compl. ¶¶ 10-11; Ex. C (the "Note"). The Sterlings concurrently executed and delivered a mortgage to LMBC in the amount of $100,000 to secure payment on the note. *See id.*; Ex. B (the "Mortgage"). The Mortgage was recorded with the Nassau County Clerk on April 14, 2005 in LIBER: M 28663 Page 623. *Id.* ¶ 10.

On March 21, 2005, LBMC assigned the Mortgage and Note to Mortgage Electronic Registration Systems, Inc. ("MERS"). *See id.* ¶ 12. MERS, in turn, transferred the Mortgage and Note to DBI/ASG Mortgage Holdings, LLC ("DBI") on May 5, 2016. *See id.* ¶ 13. On October 2, 2017, a final assignment of the Mortgage and Note was made by DBI to Plaintiff. *See id.* ¶ 14. Each assignment was duly recorded with the Nassau County Clerk. *See id.* ¶¶ 12-14. Windward remains the owner and in possession of the Mortgage and Note. *See id.* ¶ 16.

The Sterlings defaulted on the Mortgage and Note by failing to remit the initial payment due on May 1, 2005, and all payments thereafter. *See id.* ¶ 17; Note § 3. Pursuant to a Loan Modification Agreement dated July 23, 2007 (the "Loan Modification"), the Sterlings consented to an increased principal balance on the Note

2

of $104,229.73 as of September 1, 2007 to account for arrears, upon which interest would continue to accrue at a reduced rate of 7.25% *per annum* beginning on August 1, 2007.  *See* Alan H. Weinreb, Esq. Declaration of Regularity in Support of Default Judgment of Foreclosure and Sale, dated May 24, 2018 ("Weinreb Decl."), DE [14-1], at Ex. C (Yonel Devico Affidavit of Statement of Damages ("Devico Aff.").[1]

In connection with the longstanding default, on October 24, 2017 Plaintiff mailed to the Sterlings at the Subject Property:  (i) a default notice pursuant to the Note advising of a possible acceleration of the loan should the arrears remain uncured (the "Default Notice"); and (ii) a ninety-day notice as required by N.Y. Real Prop. Acts. Law § 1304.  *See* Compl. ¶ 18; Ex. E; Note § 4(B).  That same day, Plaintiff sent a Proof of Filing Statement to the New York State Department of Financial Services, as required by N.Y. Real Prop. Acts. Law § 1306.  *See* Compl. ¶ 18; Ex. E.  The Sterlings failed to respond to the Default Notice and remain in default.  *See id*. ¶¶ 17, 20.

Windward commenced this suit against Defendants on March 20, 2018. DE [1].  That same day, the Clerk of the Court issued a Summons as to all Defendants.  DE [7].  Defendants were each served with a copy of the Summons and Complaint on April 3, 2018.  DEs [8], [9], [11].  On April 13, 2018, Plaintiff filed a Notice of Pendency with the Nassau County Clerk pursuant to N.Y. C.P.L.R. §§ 6501-16 and N.Y. Real Prop. Acts. Law § 1331.  DE [10].  After Defendants failed to timely

---

[1] A copy of the Loan Modification is annexed to the Devico Aff.

3

answer or otherwise respond to the Complaint, on May 7, 2018 the Clerk of the Court noted Defendants' default at Plaintiff's request. DEs [12], [13].

On May 24, 2018, Plaintiff filed the instant motion requesting: (i) a default judgment of foreclosure and sale be entered against the Sterlings; (ii) damages of $186,044.03 ($104,229.73 in unpaid principal plus $81,744.30 in interest through May 23, 2018); (iii) additional pre and post-judgment interest; and (iv) the appointment of a referee by the Court to sell the Subject Property.[2] *See* Devico Aff., ¶¶ 6-12; Judgment of Foreclosure and Sale (the "Proposed Judgment"), DE [14-6].

Plaintiff further alleges that Mandee is a necessary party to this action by virtue of its having recorded a judgment for $799.91 against the Subject Property with the Nassau County Clerk on November 12, 2009, after the Sterlings' Mortgage was recorded. *See id.* ¶ 6; *see also* N.Y. Real Prop. Acts. Law § 1311 (requiring the plaintiff in a mortgage foreclosure action to join a subordinate lienholder as a party). Thus, Windward also seeks to have Mandee's interest in the property extinguished. *See* Proposed Judgment at 4.

## II.    Default Judgment Standard

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure, which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See*

---

[2] Plaintiff is not seeking to recover its attorneys' fees, Weinreb Decl. ¶ 8, nor does it appear to request any late fees due under the Note.

4

Fed. R. Civ. P. 55(a).  Once the certificate of default is issued, the moving party may apply for entry of a default judgment.  *See* Fed. R. Civ. P. 55(b).

When a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied").  However, "[it] is well established that a party is not entitled to default judgment as a matter of right; rather the entry of a default judgment is entrusted to the sound discretion of the court."  *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (internal quotation and citation omitted).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action."  *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012).  In determining whether to grant a motion for default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief."  *Ferrara v. Tire Shop Ctr.*, No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015) (internal quotations and citation omitted).  Accordingly, "prior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish the [defendant's] liability as a matter of law."  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (internal quotation and citation omitted).

5

### III. Discussion

#### A. <u>Liability</u>

##### i. <u>The Sterlings' Liability</u>

Under New York law, a plaintiff seeking to foreclose upon a mortgage must demonstrate "the existence of the mortgage, ownership of the mortgage, and the defendant's default in payment on the loan [secured by the mortgage]." *OneWest Bank, N.A. v. Hawkins*, No. 14-cv-4656, 2015 WL 5706945, at *5 (E.D.N.Y. Sept. 2, 2015) (citing *Campaign v. Barba*, 23 A.D.3d 327, 805 N.Y.S.2d 86 (2d Dep't 2005)). Thus, once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has established a *prima facie* entitlement to judgment, and the burden shifts to the defendant to rebut the plaintiff's evidence. *See BH99 Realty, LLC v. Qian Wen Li*, No. 10-cv-693, 2011 WL 1841530, at *5 (E.D.N.Y. Mar. 16, 2011); *U.S. v. Watts*, No. 13-cv-3211, 2014 WL 4275628, at *3 (E.D.N.Y. May 28, 2014) ("[O]nce a plaintiff mortgagee in a foreclosure action has established a *prima facie* case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor").

Here, Windward – through its Complaint and supporting documents – has established a *prima facie* entitlement to a default judgment against the Sterlings. Initially, Plaintiff has demonstrated the existence of the Mortgage originally executed by LBMC and the Sterlings. *See* Compl., Ex. B. Further, Windward has proven ownership of the Mortgage by submitting evidence that the chain of title was transferred, through assignment, from LBMC to MERS, DBI, and, finally, Windward.

6

*See id.*, Ex. D. The Note provides that the Sterlings will be in default if they fail to make timely payments and neglect to cure such missed payments within 10 ten days of written notice thereof. *See* Note §§ 4(B), (C). The Note further entitles Plaintiff to accelerate the loan and demand payment in full of the principal and interest in the event of default. *See id.* § 4(C). No payments have been made on the Note or Mortgage, *see* Compl. ¶ 17, and the Sterlings are therefore in default thereunder. Because the Sterlings neither answered Windward's Complaint nor opposed the instant motion, they have failed to rebut Plaintiff's *prima facia* showing that it is entitled to a default judgment. Accordingly, the Court respectfully recommends that Plaintiff's motion for a default judgment against the Sterlings be granted.

### ii. Mandee's Liability

As set forth above, Mandee is also in default by virtue of its failure to respond to the Complaint, *see* DEs [11], [12], [13], and has thus conceded all well-plead allegations of liability against it. *See Greyhound Exhibitgroup*, 973 F.2d at 158. Moreover, the record demonstrates that Mandee was served with the Summons and Complaint and the instant motion for default judgment. *See* DEs [11], [14-7].

In the context of foreclosure actions, "[c]ourts regularly enter default judgment . . . against defendants with nominal interests in the relevant property, such as parties holding liens that are subordinate to the plaintiff's interest." *CIT Bank, N.A. v. O'Sullivan*, No. 14-cv-5966, 2016 WL 2732185, at *9 (E.D.N.Y. May 10, 2016) (internal quotation and citation omitted). "When a default judgment is entered

7

against a defendant with a nominal interest in a property, that defendant's interest in the relevant property is terminated." *Id.* (internal quotation and citation omitted).

Here, the Complaint alleges that Mandee recorded a judgment for $799.91 against the Subject Property with the Nassau County Clerk on November 12, 2009. *See* Compl. ¶ 6. The Sterlings' Mortgage was duly recorded on April 14, 2005. *See id.* ¶ 10; Ex. B. Thus, Plaintiff has adequately demonstrated that Mandee's nominal interest in the Subject Property is subordinate to Windward's.

Accordingly, because Mandee has failed to respond to any of the pleadings in this case, the Court respectfully recommends that a default judgment against Mandee be entered, extinguishing any interest it may have in the Subject Property.

### B. Damages and Remedies Against the Sterlings

Once liability is established, the court must ascertain damages with "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). To prove damages, the movant need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup*, 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the damages awarded. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997); *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991).

Here, Windward requests $186,044.03 in damages, comprised of: (i) $104,299.73 for the principal amount due on the Note; and (ii) $81,744.30 in interest

8

accrued through May 23, 2018. *See* Devico Aff. ¶ 10; Memorandum of Law in Support of Plaintiff's Motion for a Default Judgment of Foreclosure and Sale ("Pl.'s Mem."), DE [14-2], at 7-8. In addition, Plaintiff seeks pre and post-judgment interest. *See* Proposed Judgment, at 3. Finally, Windward requests a foreclosure and sale of the Subject Property through the appointment of a referee by the Court. *See id.*, at 1-2.

> i.   Unpaid Principal Balance

Windward seeks to recover the unpaid principal balance on the Note of $104,299.73. *See* Devico Aff. ¶ 10. As set forth above, the Sterlings initially promised to pay $100,000 under the terms of the Note. *See* Note § 1. Due to the Loan Modification, however, the principal balance was increased to $104,299.73 to account for then-unpaid interest. *See* Devico Aff. ¶ 6; Loan Modification.

The Note required Plaintiff to send the Sterlings written notice of nonpayment and entitled Windward to accelerate the loan in the event such default remained uncured for ten days. *See* Note §§ 4(B), (C). Plaintiff's submissions evince that the requisite notice was provided to the Sterlings. *See* Compl. ¶ 18; Ex. E. Moreover, Windward has demonstrated that it is the current owner and holder of the Note and Mortgage. *See id.* ¶ 16; Ex D; Devico Aff. ¶ 4. The materials further establish that the Sterlings failed to remit any payments due under the Note. *See* Compl. ¶ 17. Thus, the entire unpaid principal became due on November 25, 2017, pursuant to the Default Notice. *See id.*, Ex. E.

Based on the foregoing, the Court recommends that Windward be awarded $104,299.73 to recover the unpaid principal balance.

9

      ii.   Interest

Plaintiff also seeks $81,744.30 in interest that accrued from August 1, 2007 through May 23, 2018, as well as additional pre and post-judgment interest. *See* Devico Aff. ¶ 7; Proposed Judgment, at 3. Pursuant to the Loan Modification, interested accumulated on the modified principal amount at an annual rate of 7.25%. *See* Devico Aff. ¶ 8; Loan Modification. Thus, interest accrued at a rate of $20.70 per day for 3,949 days (August 1, 2007 through May 23, 2018).[3] *See id*. ¶ 9. Accordingly, the Court recommends that $81,744.30 be awarded. The Court further suggests that Windward be granted *per diem* interest of $20.70 until the date on which judgment is entered. *See E. Sav. Bank, FSB v. McLaughlin*, No. 13-cv-1108, 2015 WL 5657355, at *5 (E.D.N.Y. Aug. 17, 2015) (recommending an award of *per diem* interest in an action for judgment of foreclosure and sale), *report and recommendation adopted*, 2015 WL 5664454 (E.D.N.Y. Sept. 24, 2015).

In addition, the Court recommends awarding post-judgment interest to be calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered. *See* 28 U.S.C. § 1961(a) ("[I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week

---

[3] This *per diem* amount is calculated by multiplying the $104,229.72 principal by the 7.25% annual interest rate, and then dividing that number by 365 days in a year. *See Onewest Bank v. Serbones*, No. 14-cv-7281, 2016 WL 1295197, at *4 (E.D.N.Y. Mar. 7, 2016), *report and recommendation adopted as modified sub nom.*, 2016 WL 1306545 (E.D.N.Y. Mar. 31, 2016) (applying the foregoing calculation to calculate *per diem* interest).

10

preceding."); *see also Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) (holding that post-judgment interest is mandatory and calculated pursuant to federal statute); *Builders Bank v. Northern Funding, LLC*, No. 08-cv-3575, 2012 WL 4928854, at *1 (E.D.N.Y. Oct. 16, 2012) (awarding post-judgment interest at the federal rate in action for judgment of foreclosure and sale).

### iii. Judgment of Foreclosure and Sale and Appointment of Referee

Finally, Plaintiff seeks a judgment of foreclosure and sale of the Subject Property and the appointment of a referee to conduct the sale. *See* Proposed Judgment. A plaintiff is entitled to foreclose upon and sell a property if it demonstrates "the existence of an obligation secured by a mortgage, and a default on that obligation." *1st Bridge LLC v. 682 Jamaica Ave., LLC*, No. 08-cv-3401, 2010 WL 4608326, at *3 (E.D.N.Y. July 13, 2010) (collecting cases), *report and recommendation adopted*, 2010 WL 4607409 (E.D.N.Y. Nov. 4, 2010). Further, courts routinely appoint referees to effectuate the sale of foreclosed properties. *See, e.g., PMB Tech. Servs., LLC v. Mazoureix*, No. 14-cv-4834, 2015 WL 5664823, at *1 (E.D.N.Y. Sept. 23, 2015) (awarding a judgment of foreclosure and sale under the supervision of a referee); *E. Sav. Bank, FSB v. Evancie*, No. 13-cv-878, 2014 WL 1515643, at *4 (E.D.N.Y. Apr. 18, 2014).

As detailed above, Windward has established its right to foreclose upon the Subject Property due to the Sterlings' default on the Mortgage and Note. Thus, the Court recommends that a judgment of foreclosure be entered. Additionally, the Court recommends that Plaintiff be permitted to endorse three candidates as possible

11

referees for the sale of the Subject Property from which Judge Hurley will select one, and that the proceeds of the sale be applied to the total amount owed on the Note as set forth above. *See Nationstar Mortg. LLC v. Fernandez*, No. 17-cv-404, 2017 WL 6767239, at *8 (E.D.N.Y. Nov. 21, 2017) (recommending appointment of a referee to conduct a foreclosure and sale with the proceeds being applied to the outstanding amount owed on the note), *report and recommendation adopted*, 2018 WL 262837 (E.D.N.Y. Jan. 2, 2018), *vacated in part*, 2018 WL 3424452 (E.D.N.Y. Mar. 20, 2018).

## IV. Conclusion

For the reasons set forth above, the Court respectfully recommends that Plaintiff's motion for default judgment against the Sterlings be granted, and that Windward be awarded: (i) $104,299.73 for the outstanding principal balance on the Note; and (ii) $81,744.30 in accrued interest, plus *per diem* interest of $20.70 until judgment is entered and post-judgment interest at the statutory rate. The Court further recommends that Plaintiff propose three candidates to Judge Hurley so that he may select one to act as referee, and that the Subject Property be foreclosed and sold with the proceeds to be applied to the amount due under the Note. Finally, the Court advises that a default judgment against Mandee is appropriate such that its interest in the Subject Property should be terminated. In accordance therewith, the Court suggests that an Order similar to the Proposed Judgment, but consistent with this Report and Recommendation, be entered.

**V.      Objections**

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below.  Plaintiff is directed to serve a copy of this Report and Recommendation on Defendants by overnight mail and file proof of service by ECF within three (3) days of its issuance.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of receipt of this report.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a); *Ferrer v. Woliver*, 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:      Central Islip, New York
            November 8, 2018                    s/ Steven I. Locke
                                                STEVEN I. LOCKE
                                                United States Magistrate Judge

13